**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:26-CV-00705-KDB-DCK**

| | |
|---|---|
| **JAMAAL A. GITTENS,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**BRET LAWRENCE, ET AL.,**<br><br>**Defendants.** | **<u>MEMORANDUM AND ORDER</u>** |

THIS MATTER is before the Court on Defendants' Motions to Dismiss (Doc. Nos. 6, 11, 24), Defendants Jay Jones and Alan Presel's Motion for Sanctions, Including Prefiling Injunction (Doc. No. 12) and Plaintiff's Motion for Bond, Stay of Injunction and Motion to Transfer / Remove Magistrate (Doc. Nos. 19, 22). The Court has carefully considered these motions, the Parties' briefs and exhibits and oral argument on the motions from the Parties' counsel on November 12, 2026. For the reasons discussed at the hearing on these motions, more particularly in Defendants' memoranda of law and summarized below, the Court will **GRANT** the Motions to Dismiss, impose a prefiling injunction, **DENY** Plaintiff's Motions and **DISMISS** this action as to all Defendants (including the law firm Defendant who has not yet been served).

Plaintiff Linda Gittens'[1] home was subject to a successful state court foreclosure action in North Carolina Superior Court in September-October 2025, which was appealed in state court. Also in September 2025, Jamaal Gittens sued Defendants Lawrence and Presel in the same court, asserting claims related to the foreclosure, and that suit was dismissed with prejudice in February

[1] Ms. Gittens is deceased. This action is brought by her surviving husband, who claims an interest in the foreclosed property.



Case 3:26-cv-00705-KDB-DCK Document 37 Filed 11/12/26 Page 1 of 3

2026 and on state appeal. Further litigation involving the foreclosure has been filed in the Bankruptcy Court for this District. This action was filed in August 2026 and later amended to assert claims against additional Defendants alleging that they violated his federal rights with respect to their role in the foreclosure.

Defendants all move to dismiss based on collateral estoppel, *res judicata* and the *Rooker-Feldman* doctrine. The Court finds that the Motions to Dismiss must be granted.[2] Plaintiff has had a full and fair opportunity to challenge the foreclosure in state court (and in the Bankruptcy court). Therefore, his claims arising out of the same transaction and circumstances are precluded in this Court because of collateral estoppel, *res judicata* and the *Rooker-Feldman* doctrine. Also, allegations that a defendant seeks to improperly foreclose on a plaintiff do not constitute acting "under color of state law" so Plaintiff has not stated a federal claim in any event.

Finally, based on Plaintiff's numerous actions and failure to accept the legal judgments of multiple courts with respect to the lack of merit in his claims related to the foreclosure, the Court will grant the requested pre-filing injunction in the hope of finally putting these matters to rest. See *Clark v. Clark*, No. 3:26-CV-00350-KDB-DCK, 2026 WL 2494862, at *2 (W.D.N.C. Aug. 25, 2026) (finding that Plaintiff had engaged in "unnecessary and vexatious successive litigation involving the same subject matter in both state and federal courts").

The Motion seeking the recusal of the Magistrate Judge and transfer will also be denied, both as moot and on the merits. Most simply put, disagreement with a Judge's ruling is not grounds for recusal. Nor are there any grounds for a transfer of this action.

---

[2] There is one Defendant, Broc & Scout PLLC, who has not yet been served. Because it is clear that Plaintiff cannot maintain a valid claim against any Defendant, the Court will also dismiss Plaintiff's claims against this unserved Defendant and close this matter in its entirety.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants' Motions to Dismiss (Doc. Nos. 6, 11, 24) are **GRANTED**;
2. The Motion for Sanctions, Including Prefiling Injunction (Doc. No. 12) is **GRANTED;**
3. Plaintiff is enjoined from filing any new or further actions or claims in Federal or State Court related to the foreclosure of the property at 1206 Marlene Street in Charlotte, North Carolina without the prior permission of the Court;
4. Plaintiff's Motions for Bond, Stay of Injunction and Motion to Transfer Remove Magistrate (Doc. Nos. 19, 22) are **DENIED;** and
5. The Clerk is directed to (1) close this matter in accordance with this Order and (2) add Plaintiff Jamaal Gittens to the pre-filing review list as set forth above.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 12, 2026

Kenneth D. Bell
United States District Judge